IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AKEEM MUTOMBO,<br>    **Plaintiff** | :<br>:<br>:    CIVIL ACTION NO. 1:CV-05-531 |
| v. | :<br>:    (Judge Kane) |
| MARTY WILLIAMS, SUPT. KLEM,<br>OFFICER HUGHES, and OFFICER<br>WILLIAMS<br>    **Defendants.** | :<br>:<br>:<br>: |

## ORDER

Before this Court is Judge Smyser's Report and Recommendation (Doc. No. 34); Plaintiff's Objections thereto (Doc. Nos. 35, 37, and 38)[1]; and Defendants' Briefs in Opposition (Doc. Nos. 36 and 39). Upon an independent de novo review of the entire record and the applicable law, the Court accepts the reasoning stated in Magistrate Judge Smyser's Report and Recommendation filed July 14, 2005.

The Court notes that the discovery deadline set for this matter has not yet expired.[2] Although in certain circumstances the incomplete state of discovery by itself warrants preclusion of summary judgment, Miller v. Beneficial Mgmt. Corp., 977 F.2d 834, 846 (3d Cir. 1992) (citation omitted), Plaintiff fails to identify "what particular information is sought; how, if uncovered, it would preclude summary judgment; [] why it has not previously been obtained," and presents no scenario by which he would expect to have evidence of retaliation before the expiration of the discovery deadline. Pastore v. Bell Tel. Co., 24 F.3d 508, 511 (3d Cir. 1994).

---

[1] This Court recognizes that Plaintiff is proceeding pro se and will liberally construe the averments made in his pleadings entitled "Brief in Support of Review Pursuant to F.R.C.P. 72.3" (Doc. No. 35); "Motion" (Doc. No. 37); and "Brief" (Doc. No. 38) to be properly pled and filed Objections to Magistrate Judge Smyser's Report and Recommendation.

[2] The discovery deadline for this matter is December 16, 2005. (Doc. No. 34 at 10.)

Moreover, Plaintiff fails to put forth any evidence of retaliation, so as to raise a genuine issue of material fact.  Instead, Plaintiff merely makes bald assertions of conspiracy involving prison and court officials.  Most notably, Plaintiff asserts: that his past civil actions were purposely and willfully dismissed out of hand due to "nepotism, racial animus, and . . . the nepotism nexus;" that the undersigned is related to Hearing Examiner Kane and is therefore biased against him; that "America is a bankrupt nation, not operating under Constitutional law, but under certain 'public bankruptcy policies;'" that Plaintiff fears for his life because of "paid informants that have been equipped with poison;" and that Plaintiff's prior civil actions were each "dismissed by Klan members that are in this jurisdiction." (Doc. Nos. 35, 37).  These allegations do not go to his claims of retaliation and are not supported by the record.

Accordingly, this 28th day of November 2005, **IT IS HEREBY ORDERED THAT:**

1. The Court **ADOPTS** the Report and Recommendation of Magistrate Judge Smyser (Doc. No. 34).

2. Defendant's Motion for Summary Judgment (Doc. No. 22) is **GRANTED**.

3.  Plaintiff's objections (Doc. Nos. 35, 37, and 38) are **OVERRULED**.

4. The Clerk of Court is directed to close the file.

> \_\_s/ Yvette Kane\_\_\_\_\_
> Yvette Kane
> United States District